**Hubert L. PASSMORE, individually and on behalf and by his minor children, Alinda K. Passmore, Kathleen L. Passmore, James H. Passmore, John K. Passmore, Patty A. Passmore, Michael A. Passmore and Susan M. Passmore, Plaintiffs,**

v.

**Charline J. BIRKINS, individually and as Director of the Colorado State Department of Public Welfare, James L. Treece, Frank D. Allen, Roy A. Davis, Damian P. Ducy, Lorna Hart, Glenn Sheriff, Henry J. Tupper, Peter Samac and Dr. James A. Henderson, individually and as constituting the Colorado State Board of Public Welfare, Alfred E. Gillen, individually and as Director of the Arapahoe County Department of Public Welfare, Defendants.**

Civ. A. C–638.

United States District Court, D. Colorado. Dec. 16, 1969.

Elmer Lee Hamby, American Civil Liberties Union, Denver, Colo., for plaintiffs.

Douglas D. Doane, Special Asst. Atty. Gen., Denver, Colo., for defendants Charline J. Birkins and individuals constituting the Colorado State Board of Public Welfare.

Richard D. Dittemore, Littleton, Colo., for defendant Alfred E. Gillen, individually and as Director of the Arapahoe County Dept. of Public Welfare.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This declaratory judgment action was instituted by plaintiffs asking that this Court determine the constitutionality of two Colorado statutes. All factual issues have been stipulated by the parties. Jurisdiction is based on the existence of a federal question and is not contested.

The sole question remaining in this case is the constitutionality of Colorado statutes which require residency of one year as a condition of receiving Aid to Families with Dependent Children and Aid to the Needy Disabled.[1] The recent United States Supreme Court decision in Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) is dispositive of the question.

In *Shapiro*, AFDC statutes of two states and the District of Columbia were found to contain unconstitutional residency requirements. In addition, the District of Columbia residency requirement for Aid to the Permanent and Totally Disabled was found to be unconstitutional.[2] *Shapiro* found that these statutes deprived the plaintiffs of the right to equal protection of the laws and the right to travel interstate.

Defendants' only hope of prevailing in this action would be to distinguish the Colorado statutes from those ruled upon in *Shapiro*. They have not attempted to do so. Nor, do we think, could they. The statutes are devoid of significant distinction. Their effect is the same. We think it unnecessary, therefore, to reiterate the extensive *Shapiro* analysis of the statutes and of the asserted justifications for the residency requirements. That anaylsis applies here. The Colorado statutes in question deprived these plaintiffs of rights secured by the United States Constitution.

Since the parties have stipulated that any back payments due plaintiffs as a result of this decision are to be determined by the welfare agencies involved, we need not discuss what those payments might be. Judgment will be entered in accordance with this opinion.

The above constitutes the findings of fact and conclusions of law required by Rule 52 of the Federal Rules of Civil Procedure.

---

1. The Colorado statutes in question are as follows:

   Colo.Rev.Stat.Ann. 119-6-6 *Eligibility for assistance.*

   (1) Assistance shall be given under this article to any person:

   (2) Who has resided within the state for a period of one year immediately prior to the date of application for assistance;

   *     *     *     *     *

   Colo.Rev.Stat.Ann. 119-9-4 *Eligibility for assistance.*

   (1) (a) Assistance shall be given under this article to any dependent child who:

   (b) Has resided in the state for one year immediately preceding the application for such assistance; or was born within one year immediately preceding the application, if the parent or other relatives with whom the child is living has resided in the state for one year immediately preceding the birth of said child;

   *     *     *     *     *

   (119-6-6 relates to Aid to Needy Disabled, while 119-9-4 relates to Aid to Dependent Children.)

2. The statutes involved in *Shapiro* are set out in the footnotes of that case.